United States District Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| WILLIAM BONILLA BARRIOS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-172 |
| | § | |
| KRISTI NOEM, ET AL., | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody at the Webb County Detention Center in Texas. Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 10), and Respondents' Motion for Summary Judgment, (Dkt. No. 11).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by April 3, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by April 3, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Guatemala, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2008 and has remained continuously present in the country since then. (*See* Dkt. No. 10 at 5; Dkt. No. 10-2 at 1).[1] In 2012, he was detained by immigration officials and charged with

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

1 / 5

removability. (Dkt. No. 10 at 5; Dkt. No. 10-2). He was subsequently released by an immigration official on a $1,500 bond. (Dkt. No. 10-3). Petitioner remained in removal proceedings and was ordered removed by an Immigration Judge in 2023. (Dkt. No. 10-4). He subsequently appealed the decision to the Board of Immigration Appeals (BIA), and that appeal remains pending. (Dkt. No. 10 at 5). Though, in 2024, the BIA notified Petitioner that his case was being removed from the active docket. (Dkt. No. 10-5).[2]

While Petitioner's BIA appeal was pending and no longer on the active docket, Petitioner was re-detained by immigration officials. (Dkt. No. 10 at 5–6). He has been detained at the Webb County Detention Center since then. (*Id.* at 1). Respondents do not allege that he has any criminal history or any other personal circumstances that reflect an individualized determination of his flight risk or danger. (*See* Dkt. No. 11).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit agreed with the Government's interpretation and found that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking

---

[2] The Court ordered the parties to address this novel factual issue and state whether the removal of Petitioner's appeal from the active docket rendered his detention possibly indefinite. (Dkt. No. 12). Respondents represented that the BIA "confirmed that Petitioner's appeal remains pending," and it is actively being considered on the BIA's detained docket, "which prioritizes appeals involving individuals who remain in immigration detention." (Dkt. No. 13 at 1).

admission" when they are detained. *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. 2026).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. He brings several claims for relief: inapplicability of *Buenrostro,* violation of the Due Process Clause of the Fifth Amendment, and ultra vires agency action. Petitioner's due process claim is that Respondents have deprived him of his liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. He argues that he has a strong interest in liberty because he was previously detained and released by immigration officials, and that his detention without justification violates his rights. Petitioner requests, among other things, that this Court issue an order requiring Respondents to return him to the conditions of his prior release, return his identity documents upon release, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate procedural or substantive due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[3] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under substantially similar facts. *Lopez Moncebais v. Bondi,* No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13

---

[3] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

(citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[4]

The Court finds that the same reasoning applies to these facts, though the Court adds additional analysis regarding Petitioner's prior release, which is factually distinct from *Lopez Moncebais*.[5] Petitioner puts forward that his prior release essentially strengthens his interest in liberty and freedom from detention because the Government previously released him from custody. Respondents argue that his prior release does not carry relevant weight because a prior administration's decision to release him should not bind the current administration's position.

Here, the Court finds that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. Liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).[6] In this case, Petitioner had an expectation, in addition to his long-term residence since 2008, that he would be free from detention or at least entitled to seek bond while his removal proceedings were pending. He was released from detention in 2012 and spent over thirteen years out of custody before he was re-detained. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No.

---

[4] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

[5] The Court also highlights an immaterial factual distinction: Petitioner's removal order. Though Petitioner was ordered removed, he filed a timely appeal with the BIA. As such, his removal order is not final and pre-removal-order detention authority still controls his detention until his appeal is resolved. *See* 8 U.S.C. §§ 1225, 1226; 8 C.F.R. 1241.1.

[6] Note that *Kerry v. Din* discusses limitations on the holding in *Wilkinson*. 576 U.S. 86, 98 (2015). Though, the liberty interest there is distinguishable from the instant case because there the Court found that "[t]he legal benefits afforded to marriages and the preferential treatment accorded to visa applicants with citizen relatives are insufficient to confer" a protected right. *Id.* Here, freedom from detention and entitlement to a justification for civil detention is not a "sort of judicially unenforceable substantial hope" and is closer to a "present and legally recognized substantive entitlement," given that release on recognizance is accompanied by paperwork authorizing release that is often secured by a bond. *Id.*; (Dkt. No. 10-3).

4 / 5

5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, First Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 10), is **GRANTED in part and DENIED in part**. Petitioner's request for attorney's fees is **DENIED**. Respondents' Motion for Summary Judgment, (Dkt. No. 11), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by April 3, 2026, at 5:00 p.m.**, under his prior conditions of release, and to submit a status report to the Court confirming Petitioner's release **by April 3, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

By **April 16, 2026**, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

It is so **ORDERED**.

**SIGNED** on April 2, 2026.

_____
John A. Kazen
United States District Judge